UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED NATURAL FOODS, INC. and
SUPERVALU INC., and their affiliates in interest,

        Plaintiffs,

        v.                                      Case No. 22-C-75

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS LOCAL 662,

        Defendant.

---

### DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

        Plaintiffs United Natural Foods, Inc., and SuperValu, Inc., and their affiliates in interest, brought this action against Defendant International Brotherhood of Teamsters Local 662 (the Union) under Section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, *et seq.* Plaintiffs assert a single claim for breach of contract arising out of the Union's alleged violation of the parties' collective bargaining agreement. The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 185(a) and (c). Before the Court is the Union's motion to dismiss on the ground that Plaintiffs' claim is barred by the statute of limitations. In the alternative, the Union seeks to compel arbitration. Dkt. No. 9. For the following reasons, the Union's motion to dismiss will be granted.

### ALLEGATIONS IN THE COMPLAINT

        Plaintiffs operate a warehouse distribution center located in Green Bay, Wisconsin, that stores and delivers various food and non-food products for grocery stores. Compl. ¶¶ 3, 10, Dkt. No. 1. Plaintiffs and the Union are parties to a collective bargaining agreement (CBA) that governs

the terms and conditions of employment of those employees who are represented by the Union at the Green Bay distribution center. *Id.* at ¶ 11. The CBA is effective from June 1, 2019, through May 31, 2025. *Id.* at ¶ 12. Article 8 of the CBA contains a no strike clause which states that "there shall be no strike, work stoppage, or slowdown authorized, sanctioned, approved or engaged in by the Union against the Employer, except for failure of either party to submit to the Arbitration Procedure or failure of either party to abide by the decision of the Arbitration Board." Dkt. No. 1-1 at 7. Article 9 of the CBA also contains an unauthorized activity clause, a portion of which provides that, "[i]n the event of an unauthorized work stoppage or picket line, etc., in violation of this Agreement, the Local Union shall immediately make every effort to persuade the employees to commence the full performance of their duties and shall immediately inform the employees that the work stoppage and/or picket line is unauthorized and in violation of this Agreement." *Id.* at 7–8.

The instant dispute arises from a strike that began at a distribution center operated by Plaintiffs in Fort Wayne, Indiana. Compl. ¶ 34. On December 12, 2019, Local 414, the union representing the Fort Wayne distribution center employees, initiated a strike and established a picket line at the Fort Wayne distribution center. *Id.* Shortly thereafter, on December 17, 2019, Local 414 members began picketing the Green Bay distribution center, allegedly with the intention of inducing members of Local 662 to go on strike. *Id.* at ¶ 40. That same day, the complaint alleges, the Union's president, secretary-treasurer, trustee, and chief steward all "authorized, directed, required, caused, encouraged, and/or condoned a strike and/or other interference with the operation of the Green Bay DC." *Id.* at ¶ 42. The general manager of the facility, Renee Spear, was informed that employees had received text messages from the Union's chief steward, Craig Vandeheuvel, instructing them to "either stop working or not to report to work." *Id.* at ¶ 43.

2

Plaintiffs notified the Union's trustee, Tom Strickland, that "the Green Bay CBA required Local 662 to immediately notify employees that Local 662 did not authorize the strike and that Local 662 was directing employees to return to work." *Id.* at ¶ 44. The Union failed to take any steps to that effect. *Id.* Instead, Strickland informed Spear that he was aware of the picketing and interference with the operation of the Green Bay distribution center and that he was "unwilling to instruct Green Bay DC employees that their actions were not authorized, violated the No Strike No Lockout clause of the Green Bay CBA, and that they should immediately return to work." *Id.* at ¶ 45. A letter dated December 17, 2019, was also sent to Strickland, again informing him that the Union's actions violated the CBA. *Id.* at ¶ 47. The Union took no action with respect to that letter. *Id.* On December 18, 2019, Local 414 ended its strike in Fort Wayne and ended its picketing at the Green Bay distribution center. *Id.* at ¶ 49. After Local 414 withdrew its pickets, the Union ended its strike and employees returned to work. *Id.*

Plaintiffs filed their action on January 20, 2022, more than two years after the alleged breach of the CBA. *Id.* at ¶¶ 54–59. They claim that the Union violated Articles 8 and 9 of the CBA by failing to take action with respect to the unauthorized strike that took place on December 17, 2019. *Id.* at ¶¶ 54–57. As a result, Plaintiffs allege that they suffered "substantial irreparable harm" and damages including, but not limited to, "the inability to receive and ship products, fulfill customer orders, make and receive deliveries, and otherwise conduct operations." *Id.* at ¶ 58.

## ANALYSIS

The Union has moved to dismiss Plaintiffs' claim on the ground that it is barred by the statute of limitations. The question before the Court is what statute of limitations applies. "Claims asserted under § 301 of the LMRA are not governed by a specific statute of limitations." *Jones v. Gen. Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). And where federal statutes are silent with respect

to limitations periods, "federal courts usually borrow the most closely analogous statute of limitations from state law." *Id.* (citing *Int'l Union, United Auto. Workers of Am. v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703–04 (1966)). An exception to this rule applies, however, "when analogous state statutes of limitations would frustrate or significantly interfere with the implementation of national policies or would be at odds with the purpose or operation of federal substantive law." *Id.* (citing *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995)). In other words, "[f]ederal courts must ensure that the importation of state law will not frustrate or interfere with the implementation of federal policy." *United Food & Commercial Workers Local 100A, AFL-CIO & CLC v. John Hofmeister & Sons, Inc.*, 950 F.2d 1340, 1346 (7th Cir. 1991). In determining whether it is appropriate for the Court to depart from the general practice of borrowing a limitations period from state law, the Court must consider two factors: (1) "whether there is a closely analogous state cause of action," and (2) "whether federal labor policy or the practicalities of federal litigation make the federal limitations period significantly more appropriate." *Id.* (internal citations omitted).

Citing *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), the Union argues that the appropriate statute of limitations is the six-month limit provided by § 10(b) of the National Labor Relations Act. *See* 29 U.S.C. § 160(b). In *DelCostello*, the Supreme Court was confronted with a "hybrid § 301/fair representation claim," that is, a claim in which an employee sues both his employer and his union, alleging that the employer breached a provision of the CBA and that the union breached its duty of fair representation by mishandling the grievance and arbitration proceedings. 462 U.S. at 154, 165. This type of claim, the Supreme Court said, amounted to a direct challenge to the private settlement of disputes under the CBA. *Id.* at 165.

4

Focusing primarily on that consideration, i.e., the challenge to the private settlement of disputes, the Supreme Court adopted the NLRA's six-month statute of limitations. *Id.* at 171–72.

But *DelCostello* is inapposite here for several reasons. First, there is no hybrid claim present in this case; Plaintiffs instead assert a single breach of contract claim. Second, and despite the Union's persistent efforts to claim otherwise, Plaintiffs' allegations pose no challenge to the private settlement of disputes under the CBA. What is before the Court is a breach of contract claim that seeks to hold the Union liable for its alleged violations of the CBA. The *DelCostello* Court explicitly warned that its holding "should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere." *Id.* at 171. The Court emphasized that it did not "mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy." *Id.*

The district court's analysis of this issue in the related case of *United Natural Foods, Inc. v. Teamsters Local 414*, No. 1:21 CV 0020 HAB-SLC, 2022 WL 377231 (N.D. Feb. 8, 2022), is particularly persuasive. In that case, Plaintiffs brought a similar claim against the local union that initiated the strike against Plaintiffs' facility in Fort Wayne, Indiana. As in this case, the union moved to dismiss on the ground that the action was barred by the six-month limitations period in § 10(b). The district court rejected the union's argument that § 10(b) applied and instead held that Indiana's two-year statute of limitations for suits involving terms, conditions, and privileges of employment was applicable. In so ruling, the district court relied on the Seventh Circuit's decision in *International Union of Elevator Constructors v. Home Elevator Co.*, 798 F.2d 222, 225 (7th Cir. 1986), where the court applied the same state statute of limitations in a lawsuit brought by the union against the employer. Even though Indiana's two-year statute of limitations included an

exception for "actions based on a written contract," the court nevertheless concluded that it was "the most analogous in Indiana's statutory scheme." *Id.*

Alternatively, the Union argues that Wisconsin's one-year statute of limitations for unfair labor practices, Wis. Stat. § 111.07(14), should apply. That statute, which applies to state remedies to address unfair labor practices, as defined in § 111.06 of the Wisconsin Statutes, states that "[t]he right of any person to proceed under this section shall not extend beyond one year from the date of the specific act or unfair labor practice alleged." The conduct allegedly engaged in by the Union in this case falls within the statutory definition of an unfair labor practice. Section 111.06(2)(c) provides that "[i]t shall be an unfair labor practice for an employee individually or in concert with others . . . [t]o violate the terms of a collective bargaining agreement." Union activity is essentially employees acting in concert with each other. Plaintiffs' action also concerns improper strikes and work stoppages, which § 111.06(2)(e) through (i) also addresses. *See, e.g.*, *Madison Bldg. & Const. Trades Council v. Wis. Employment Relations Bd.*, 11 Wis. 2d 337, 105 N.W.2d 556 (1960). Plaintiffs' claim against the Union thus seems more analogous to a state law claim under § 111.07 than a general common law breach of contract claim.

Plaintiffs contend that the Union's argument that § 111.07(14) governs such suits was rejected by the Wisconsin Supreme Court in *Tully v. Fred Olson Motor Service Co.*, 27 Wis. 2d 476, 134 N.W.2d 393 (1965), and that the Court should hold likewise here. Plaintiffs' argument fails for several reasons. First, what statute of limitations applies to an action for relief under § 301 of the LMRA is a question of federal law. A state court's interpretation of federal law is not binding on a federal court. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) ("Although state court precedent is binding upon us regarding issues of state law, it is only persuasive authority on matters of federal law."). In addition, *Tully* involved § 301 hybrid claims

6

by employees against both the union for breach of duty of fair representation and the employer. *DelCostello* has effectively overruled *Tully*, holding that such claims are governed by the six-month limitation of § 10(b) of the Act.

Finally, in rejecting the defendant's argument that the limitation period of § 111.07(14) should be applied, the *Tully* court stated, "[w]e agree with the trial court that the one year limitation of sec. 111.07(14) is not relevant since that limitation is made applicable only to the right to proceed under that section, while in the case before us we are concerned with the right to pursue a remedy resulting from the alleged breach of a federally created right." 27 Wis. 2d at 488–89. But the fact that a state statute does not apply to the federally created right is a given; it is not a reason for declining to borrow the state statute of limitations. Federal law requires that, in cases where no federal statute of limitations exists, the Court apply the most analogous statute of limitations under state law, so long as application of the state limitations period does not frustrate or interfere with the implementation of national policies. *Home Elevator*, 798 F.2d at 225.

Application of the one-year limitation in § 111.07(14) does not frustrate or interfere with the implementation of national policies. To the contrary, application of the one-year period of § 111.07(14) furthers the federal goal of "rapid resolution of industrial disputes." *Home Elevator*, 728 F.2d at 228. This is especially true when compared with the six-year statute of limitations for common law breach of contract claims that Plaintiffs seek to apply. *See* Wis. Stat. § 893.43. Application of a six-year statute of limitations would make it "not only possible but highly probable that unfair labor practice disputes will hang on like festering sores that grow worse and worse with the years." *Tully*, 27 Wis. 2d at 489 (quoting *Smith v. Evening News Ass'n*, 371 U.S. 195, 203 (1962) (Black, J., dissenting)). At the same time, a one-year limitation period is not so

7

short as to deprive an employer of a reasonable opportunity to decide whether to seek relief for the allegedly wrongful action on the part of the Union.

## CONCLUSION

For these reasons, the Court concludes that the procedure under § 111.07 is most analogous to the breach of contract action Plaintiffs have asserted against the Union. It thus follows that the one-year statute of limitations set forth in § 111.07(14) applies. Because Plaintiffs waited more than two years before commencing the action against the Union, Plaintiffs' action is time barred. The Union's motion to dismiss (Dkt. No. 9) is therefore **GRANTED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of July, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge